UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| CONGRUI WU, | ) | No. 5:26-cv-02369-JDE |
| | ) | |
| Petitioner, | ) | ORDER REGARDING PETITION |
| | ) | |
| v. | ) | |
| | ) | |
| FIELD OFFICE DIRECTOR, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On May 5, 2026, Congrui Wu ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging her ongoing detention by immigration authorities without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). Dkt. 1 ("Petition"). She seeks release from custody, or alternatively, a bond hearing pursuant to 8 U.S.C. § 1226(a); and attorney fees and costs. Id. at 12.

On May 12, 2026, Respondents filed an Answer to the Petition in which they do not affirmatively contest the merits of the Petition, acknowledge that Petitioner appears to be a member of the Bond Eligible Class certified in Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.)

("Bautista"), and contend that "[t]o the extent Petitioner would be entitled to any remedy via the Habeas Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." Dkt. 8. On May 14, 2026, Petitioner filed a Reply. Dkt. 9 ("Reply").

As noted, Petitioner seeks release or alternatively, a bond hearing under 8 U.S.C. § 1226(a), and Respondents offer no opposition to the alternative request for a bond hearing. Respondents acknowledge Petitioner appears to be a member of the Bond Eligible Class in Bautista and subject to the Bautista judgment. In Bautista, the Honorable Sunshine Suzanne Sykes, United States District Judge, granted class-wide declaratory relief to "Bond Eligible Class" members, finding such members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under Section 1225(b)(2). Further, Judge Sykes held that Bond Eligible Class members are "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Bautista, Dkt. 94. An appeal is pending, and the Ninth Circuit has granted a stay, but the December 2025 judgment remains in place in this district. See Bautista, et al. v. United States Department of Homeland Security, et al., Case No. 26-1044 (9th Cir.), Dkt. 17.1.

As Respondents acknowledge Petitioner is a Bond Eligible Class member, for the reasons stated in Bautista, the alternative relief sought by the Petition is granted. Petitioner is entitled to the procedural protections that 8 U.S.C. § 1226(a) provides, including a bond hearing.

IT IS THEREFORE ORDERED that:

(1)     Respondents are directed to provide Petitioner an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) within seven days of this Order, with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to

consider bond and must provide a reasoned decision if bond is denied.

(2)   Respondents shall release Petitioner from custody if Petitioner is not timely provided with the aforementioned bond hearing.

(3)   The alternative request for immediate release is denied as moot and the Petition is dismissed without prejudice.

IT IS SO ORDERED.

Dated: May 15, 2026 _____

_____
JOHN D. EARLY
United States Magistrate Judge

3